**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

CARLOS D. MASON,
           *Defendant-Appellant.*

No. 01-4532

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-13)

Submitted: December 12, 2001

Decided: December 27, 2001

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Edwin Frederick Brooks, EDWIN F. BROOKS, P.C., Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, N. George Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos D. Mason appeals the revocation of his supervised release and his fourteen-month sentence. Mason argues the district court abused its discretion by finding the evidence sufficient to justify revoking his supervised release term and to impose a term of imprisonment.[1] We affirm.

We review a district court's revocation of supervised release and its imposition of a sentence after revocation for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C.A. § 3583(e)(3) (West 2000).

On June 27, 2001, the district court conducted a supervised release violation hearing in which Mason pled not guilty to the violations contained in the petition. After hearing evidence presented by the Government and the defense, the court found Mason guilty of both violations and sentenced him to fourteen months' imprisonment.

Mason's chief argument on appeal is that there was insufficient evidence of the violation of law he is alleged to have committed, a crack cocaine drug transaction. Even without the district court's finding that Mason was involved in a drug transaction, however, we conclude the district court did not abuse its discretion in revoking Mason's supervised release.

During the revocation hearing, Probation Officer Daniel Gertler testified Mason violated condition seven of his terms of supervised release. Condition seven prohibits the purchase, possession, use, distribution, or administration of any narcotic. According to Gertler, Mason failed two urinalysis screening tests in July 1999 and January 2001, when he tested positive for marijuana and PCP. Mason

---

[1]On appeal, Mason does not challenge the length of his imprisonment, but instead challenges the sufficiency of the evidence to revoke his supervised release.

acknowledged using drugs on both occasions to his probation officer, Paul Halleran.[2] Because revocation of supervised release is mandatory if the defendant unlawfully possesses a controlled substance, *see* 18 U.S.C.A. § 3583(g) (West 1994 & Supp. 1999), Mason's drug use was sufficient support for the district court to revoke his supervised release term.

For these reasons, we affirm Mason's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Although Gertler's testimony would normally be considered hearsay evidence because Gertler had no personal knowledge of the conversation between Mason and Halleran, the Federal Rules of Evidence are not applicable to probation violation hearings. *See* Fed. R. Evid. Rule 1101(d)(3). Thus, Gertler's testimony could be considered by the district court.